Entered on Docket
October 05, 2011

_____
Hon. Mike K. Nakagawa
United States Bankruptcy Judge

James D. Greene, Esq., Nevada Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 570-6000
Facsimile: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

Attorneys for Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: NOVEMBER 2005 LAND INVESTORS, LLC, | Bankruptcy No. BK-S-11-20704-MKN |
| Debtor. | Jointly Administered BK-S-11-20707- MKN, BK-S-11-20709-MKN |
| Affects: | Chapter 11 |
| ■ All Debtors | Hearing Date: September 29, 2011 |
| ☐ Affects the following Debtor(s) | Hearing Time: 9:30 a.m. |

**ORDER GRANTING SECOND AMENDED MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING SALE PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS, (II) APPROVING CERTAIN BID PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) SCHEDULING AN AUCTION AND SALE HEARING**

The Second Amended Motion of the Debtors For An Order (I) Approving Sale Procedures for the Sale of Substantially All of the Assets of the Debtors, (II) Approving Certain Bid

1

1  Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and
2  Assignment of Executory Contracts and Unexpired Leases, and (IV) Scheduling An Auction and
3  Sale Hearing, ("Sale Procedures Motion")[1] filed by debtors-in-possession November 2005 Land
4  Investors, L.L.C. ("November 2005"), NLV Holding, L.L.C. ("NLV Holding") and BOPH, Inc.
5  ("BOPH") (collectively, the "Debtors"), came before the Court at the above date and time, the
6  Honorable Mike K. Nakagawa, United States Bankruptcy Judge, presiding. The Sale Procedures
7  Motion was made pursuant to sections 105, 363 and 503 of title 11 of the United States Code (the
8  "Bankruptcy Code"), Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy
9  Procedure (the "Bankruptcy Rules"), and Rule 6004(b) of the Local Bankruptcy Rules of the
10 United States Bankruptcy Court for the District of Nevada. The Sale Procedures Motion sought
11 an order (i) authorizing and approving the sale and bidding procedures attached hereto as *Exhibit*
12 *1* (the "Sale Procedures") for the sale of substantially all of the assets of November 2005 (the
13 "Property")[2], (ii) approving the form and manner of notice of the Auction and the Sale Hearing;
14 and (iii) scheduling an Auction and Sale Hearing. The Court having reviewed the Sale
15 Procedures Motion and conducted a hearing to consider the relief requested therein (the "Sale
16 Procedures Hearing") and the Court having considered the statements of counsel at the Sale
17 Procedures Hearing,

18         IT IS HEREBY FOUND AND DETERMINED THAT:

19    A.    The Debtors have offered good and sufficient reasons for, and the best interests of
20 their estates will be served by, this Court granting the relief requested in the Sale Procedures
21 Motion, including approval of (i) the Sale Procedures attached hereto as *Exhibit 1*, (ii) and the
22 form and manner of notice of the Auction and Sale Hearing described in the Sale Procedures
23 Motion.

24    B.    The proposed notice of the Sale and the Sale Procedures, as set forth in the Sale
25 Procedures Motion, is appropriate and sufficient, and is reasonably calculated to provide all

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Sale Procedures Motion.
[2] The Property is fully defined in Exhibit 2 to this Order.

2

interested parties with timely and proper notice of the Sale and the Sale Procedures, and no other or further notice shall be required for the Sale or the assumption and assignment of executory contracts and unexpired leases.

  C. The Debtors have offered good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling an Auction and subsequent Sale Hearing to consider approval of the Sale free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code and the assumption and assignment of any executory contracts and unexpired leases contemplated by a Successful Bid pursuant to section 365 of the Bankruptcy Code.

  Based on the foregoing and with good cause otherwise appearing,

  IT IS HEREBY ORDERED THAT:

  1. The Sale Procedures Motion is GRANTED.

  2. The Sale Procedures are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Property. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

  3. The deadline for submitting a Qualified Bid shall be **December 8, 2011 at 5:00 p.m. (Pacific Time) (the "Bid Deadline")**.

  4. If the Debtors do not receive any Qualified Bids, the Debtors will not hold an auction.

  5. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Property.

  6. If the Debtors receive at least one Qualified Bid, the Debtors shall conduct the Auction on **December 12, 2011 at 10:00 a.m. (Pacific Time)** at the offices of Greene Infuso, LLP, 3030 South Jones Blvd. Suite 101, Las Vegas, Nevada, or such other place and time as the Debtors shall notify Qualified Bidders and other interested parties.

  7. The Court shall convene the Sale Hearing **on December 13, 2011 at 1:30 p.m. (Pacific Time)**, or as soon thereafter as counsel and interested parties may be heard, at which

time the Court will consider approval of the Sale to the Successful Bidder. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of said adjournment at the Sale Hearing.

8. Objections to approval of the Sale, including the sale of the Debtors' assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, must be in writing, state the basis of such objection with specificity and be filed with this Court and served so as to be received on or before **November 29, 2011 (the "Objection Deadline")** by the following parties: (a) Grant Lyon, Chief Restructuring Officer of the Debtors (the "CRO"), Odyssey Capital Group, LLC, One Renaissance Square, Two North Central Ave., Suite 720 Phoenix, AZ 85004; (b) counsel to the Debtors, Greene Infuso, LLP, 3030 South Jones Blvd., Suite 101, Las Vegas, NV 89146 (Attn: James D. Greene); and (c) counsel to the First Lien Agent, Orrick, Herrington & Sutcliffe, LLP 51 West 52nd Street, New York, New York 10019-6142 ( Attn: Raniero D'Aversa.). Replies to any objections shall be filed on or before **December 6, 2011**, and shall be served on any objecting parties and on the parties listed above.

9. The form of the Auction and Hearing Notice is appropriate and sufficient for all purposes and no other or further notice shall be required if the Debtors serve such notices in the manner provided in the Motion.

10. No finding or ruling is made in this Order as to the merits of any motion for approval of the Sale.

11. All bidders at the Auction shall be deemed to have consented to the core jurisdiction of this Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale and the construction and enforcement of the Contract of Sale executed by a Qualified Bidder.

1     12.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Submitted by:

GREENE INFUSO, LLP

/s/ James D. Greene
James D. Greene, Esq.
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

**LOCAL RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Parties were given the opportunity to comment on the Order prior to the hearing and have approved the Order. Counsel for all relevant parties waived signature on the Order at the Sale Procedures Hearing.

☐ I certify that this is a chapter 7 or 13 case, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Exhibit 1

# SALE PROCEDURES WITHOUT STALKING HORSE BID

Set forth below are the sale procedures without stalking horse bid (the "Sale Procedures") to be employed with respect to the sale of substantially all of the assets of November 2005 Land Investors, L.L.C. ("November 2005") (the "Property") as set forth in more detail in the Sale Contract (as defined below). The terms and conditions upon which the Debtors contemplate consummating a sale are further described in the form of the Sale Contract (the "Sale Contract") filed as **Exhibit D** to the Second Amended Motion for an Order (I) Approving Sale Procedures for the Sale of Substantially All of the Assets of the Debtors, (II) Approving Certain Bid Protections,[1] (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Scheduling an Auction and Sale Hearing (the "Procedures Motion"). The Property being acquired is legally described on **Exhibit A** hereto. Copies of the Sale Contract or any documents referenced herein are available by sending a written request to counsel to the Debtors: Greene Infuso, LLP, 3030 South Jones Blvd., Suite 101, Las Vegas, NV 89146 (Attn: James D. Greene). The sale of the Property (the "Sale") pursuant to the Sale Contract is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to sections 363 and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

## I.   The Sale Hearing

The Debtors will seek entry of an order approving the sale of the Property to the Successful Bidder (as defined below) consistent with the Sale Contract and in accordance with the Bidding Procedures at a hearing to consider the Debtors' Amended Motion To Authorize And Approve (i) The Sale Of Substantially All Of Debtors' Property Free And Clear Of All Liens, Claims, Encumbrances, And Interests; (ii) The Assumption And/Or Assignment Of Certain Executory Contracts; and (iii) Establishing Related Cure Amounts (the "Sale Motion"). The hearing on the Sale Motion will be held on **December 13, 2011 at 1:30 p.m.** (Pacific Time) at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building and U.S. Courthouse 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 (the "Sale Hearing").

## II.   Participation Requirements

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process (as defined below), each person or entity must deliver (unless previously delivered) to the Debtors and the agent for the Debtors' prepetition first lien indebtedness (the "First Lien Agent"), who will deliver to the prepetition first lien lenders (the "First Lien Lenders" and, together with the First Lien Agent, the "First Lien Parties") upon request, on or before the Bid Deadline (as defined below), the following materials:

(a)   An executed confidentiality agreement in form and substance satisfactory to the Debtors, after consultation with the First Lien Parties; and

(b)   A statement demonstrating to the Debtors' satisfaction, after consultation with the First Lien Parties, a *bona fide* interest in purchasing and the financial ability to purchase the Property.

Each person or entity that delivers such materials to the Debtors and the First Lien Agent on or before the Bid Deadline in a form reasonably acceptable to the Debtor, after consultation with the First Lien Parties, is hereinafter referred to as a "Potential Bidder."

---

[1] Because there is no stalking horse bidder, there are no bid protections the Debtors seek to have approved.

1

After a Potential Bidder delivers all of the materials required by subparagraphs (a) and (b) above, the Debtors shall provide the Potential Bidder access to the data room.

### III. Determination by the Debtors in Consultation with the First Lien Parties

The Debtors, in consultation with the First Lien Parties, shall (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence, (b) evaluate bids from Potential Bidders, (c) negotiate any bid made to acquire the Property and (d) make such other determinations as are provided in these Sale Procedures (collectively, the "Bidding Process"). Neither the Debtors, the First Lien Parties nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Property to any person who is not a Potential Bidder.

### IV. Due Diligence

The Debtors have established an electronic data room into which substantial information about the Property has been deposited. All Potential Bidders will be granted full access to the data room. The Debtors shall afford any Potential Bidder such additional due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment, and in consultation with the First Lien Parties, determine to be reasonable and appropriate. The Debtors may designate a representative to coordinate all reasonable requests for additional information and due diligence access from such Potential Bidders. No additional due diligence will be made available to Potential Bidders after the Bid Deadline (as defined below).

### V. Bid Deadline

A Potential Bidder that desires to make a bid shall deliver copies of its bid by facsimile or email to (a) Grant Lyon, Chief Restructuring Officer of the Debtors, Odyssey Capital Group, LLC, One Renaissance Square, Two North Central Ave., Suite 720 Phoenix, AZ 85004, (b) counsel to the Debtors, Greene Infuso, LLP, 3030 South Jones Blvd., Suite 101, Las Vegas, NV 89146 (Attn: James D. Greene), and (c) counsel to the First Lien Agent, Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, NY 10019-6142 (Attn: Raniero D'Aversa), by no later than **December 8, 2011 at 5:00 p.m.** Pacific Time (the "Bid Deadline").

### VI. Bid Requirements

All bids must include:

(a) an offer to acquire the Property in the form of the Sale Contract, marked to show any proposed amendments and modifications to such agreement (the "Marked Agreement"); and

(b) an agreement that the Potential Bidder's offer is binding and irrevocable until 48 hours after the earlier of (i) the closing of the sale of the Property, (ii) the withdrawal of the Property for sale by the Debtors or (iii) 30 days after the Sale Hearing.

Except for any credit bid submitted by the First Lien Lenders, bids must be cash-only bids. In addition, bids must be accompanied by (a) a certified check or wire transfer in an amount equal to 5% of the Potential Bidder's cash purchase price set forth in the Marked Agreement payable to the order of the Debtors (a "Good Faith Deposit") and (b) written evidence of available cash, a commitment for financing or ability to timely obtain a satisfactory commitment if selected as the Successful Bidder (provided, however, that the closing of the Sale shall not be contingent in any way on the Successful Bidder's financing) and such other evidence of ability to consummate the transaction as the Debtors, in consultation with the First Lien Lenders, may reasonably request.

2

The Debtors, in consultation with the Lenders, will review each bid received from a Potential Bidder to ensure that it meets the requirements set forth above. A bid received from a Potential Bidder that meets the above requirements will be considered a "Qualified Bid" and each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder." The Debtors, in consultation with the First Lien Parties, will determine whether each bid meets the requirements of a Qualified Bid; provided, however, that any bid received from one or more First Lien Lenders, either before or at the Auction, shall automatically be deemed a Qualified Bid.

A Qualified Bid will be valued based upon factors including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating a transaction with the Potential Bidder, (c) any excluded Property or executory contracts and leases, and (d) any other factors that the Debtors, in consultation with the First Lien Parties, may deem relevant to the Sale.

Except as otherwise provided herein with respect to bids submitted by one or more First Lien Lenders, the Debtors, in their business judgment and after consultation with the First Lien Parties, reserve the right to reject any bid if such bid:

(a) is on terms that are more burdensome or conditional than the terms of the Sale Contract;

(b) requires any indemnification of such Potential Bidder in its Marked Agreement;

(c) is not received by the Bid Deadline;

(d) includes non-cash consideration; or

(e) is subject to any due diligence, financing condition or other contingencies (including representations, warranties, covenants, and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the Property other than as may be included in the Sale Contract.

Any bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid.

### VII. Auction Participation

Only those Potential Bidders who have submitted a Qualified Bid are eligible to participate at the Auction (as defined below). At least one business day prior to the Auction, each Potential Bidder who has submitted a Qualified Bid must inform the Debtors and the First Lien Agent whether it intends to participate in the Auction. The Debtors will promptly thereafter inform in writing each Potential Bidder who has expressed its intent to participate in the Auction of the identity of all other Potential Bidders that may participate in the Auction. If the Debtors do not receive any Qualified Bids, they will not hold an Auction.

### VIII. Auction

If more than one Qualified Bid is received by the Bid Deadline, the Debtors will conduct an auction (the "Auction"). The Auction shall take place on **December 12, 2011 at 10:00 a.m. (Pacific Time)**, at the offices of counsel for the Debtors, Greene Infuso, LLP, 3030 South Jones Blvd., Suite 101, Las Vegas, NV 89146 (Attn: James D. Greene), or such later time or such other place as the Debtors shall designate and notify all Qualified Bidders who have submitted Qualified Bids. Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. The First Lien Parties and any other parties the Debtors, in consultation with the First Lien Parties, deem appropriate shall be able to attend and observe the Auction.

3

     At the Auction, participants will be permitted to increase their bids in an open "outcry" auction. The bidding shall start at the amount offered in the highest Qualifying Bid, plus $100,000 and will continue in increments of at least $100,000 in cash until the bidding ceases. First Lien Lenders will be entitled to credit bid, dollar for dollar, any portion of their secured claims against the Debtors. The Debtors may alter the Bidding Procedures at the Auction after consultation with the First Lien Parties if, in their reasonable judgment, such alteration will better promote the goals of the Auction.

     Immediately prior to the conclusion of the Auction, the Debtors, in consultation with the First Lien Parties, will: (a) review each bid made at the Auction on the basis of financial and contractual terms and such factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale; (b) identify the highest or best bid for the Property of the Debtors at the Auction (the "Successful Bid"); and (c) notify all Potential Bidders at the Auction, prior to its conclusion, of the name of the maker of the Successful Bid (the "Successful Bidder"), and the amount and other material terms of the Successful Bid.

     All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes relating to the Auction, the sale of the Property and the construction and enforcement of the Sale Contract.

### IX.    Acceptance of Qualified Bids

     The Debtors, in consultation with the First Lien Parties, may (a) determine, in their reasonable business judgment, which Qualified Bid is the Successful Bid and the next best bid (the "Next Best Bid"); and (b) reject at any time before entry of the Sale Order any bid that, in the Debtors' reasonable judgment, after consultation with the First Lien Parties, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures or the terms and conditions of the Sale or (iii) contrary to the best interests of the Debtors and their estates.

     Subject to the approval of the Bankruptcy Court, the Debtors will sell the Property to the Qualified Bidder that submits the Successful Bid. The Debtors' submission of the Successful Bid to the Bankruptcy Court shall not constitute the Debtors' acceptance of the bid. The Debtors shall be deemed to have accepted a Qualified Bid only when such Qualified Bid has been approved by the Bankruptcy Court at the Sale Hearing. The Debtors and the Successful Bidder shall close the Sale **on or before December 31, 2011**, unless a later date is agreed to by the Debtors, in consultation with the First Lien Parties, and the Successful Bidder. If the Successful Bidder does not close the Sale by such date as it may be extended, then the Debtors shall be authorized, but not required, to close with the party that submitted the Next Best Bid (the "Next Best Bidder"), without a further court order. If the Debtors decide to close with the Next Best Bidder, the Debtors and the Next Best Bidder will have an additional two (2) business days to close.

### X.    No Fees for Potential Bidders or Qualified Bidders

     Potential Bidders or Qualified Bidders shall not be allowed any breakup, termination or similar fee. Moreover, neither the tendering of a bid nor the determination that a bid is a Qualified Bid shall entitle a Potential Bidder or Qualified Bidder to any breakup, termination or similar fee and all Potential Bidders and Qualified Bidders waive any right to seek a claim for substantial contribution.

### XI.    Return of Good Faith Deposit

     The Good Faith Deposits of all Potential Bidders shall be held in escrow by the Debtors, but shall not become property of the Debtors' estates. The Good Faith Deposits of all Potential Bidders shall be retained by the Debtors, notwithstanding Bankruptcy Court approval of a sale,

until 48 hours after the earlier of (a) closing of the Sale or (b) withdrawal of the Property for sale by the Debtors, and (c) 30 days after the Sale Hearing. At the closing of the Sale contemplated by the Successful Bid, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit.

5

Exhibit A

## LEGAL DESCRIPTION

PARCEL NO. 1:

LOTS C-1.1A, C-1.1B, C-1.2A, C-1.2B, C-1.3A, C-1.4A, C-A, C-B, C-2.1A, C-2.1B, C-2.2A, C-2.2B, C-2.3A, C-2.3B, C-2.4A, C-2.5A, 2.6, 2.7, C-2.7A, C-3.1A, 3.2, C-3.3A, C-3.4A, C-3.4B, C-3.5A, C-3.5B, 3.6, C-C, C-D, C-4.1A, C-4.2A, C-4.3A, C-4.4A, C-4.5A OF PARENT FINAL MAP OF PROJECT "O" WEST PARCEL, A COMMON INTEREST COMMUNITY, AS SHOWN BY MAP THEREOF IN BOOK 134 OF PLATS, PAGE 82, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED APRIL 19, 2007 IN BOOK 20070419 AS INSTRUMENT NO. 03196 OF OFFICIAL RECORDS, AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED AUGUST 16, 2007 IN BOOK 20070816 AS INSTRUMENT NO. 02760 OF OFFICIAL RECORDS;

EXCEPT THOSE PORTIONS AS CONVEYED TO THE CITY OF NORTH LAS VEGAS BY DOCUMENTS RECORDED IN BOOK 20070910 AS INSTRUMENT NO. 01047; BOOK 20080222 AS INSTRUMENT NO. 01151 AND RE RECORDED IN BOOK 20080509 AS INSTRUMENT NO. 00959 AND RE RECORDED IN BOOK 20080605 AS INSTRUMENT NO. 04457; BOOK 20080222 AS INSTRUMENT NO. 01152 AND RE RECORDED IN BOOK 20080509 AS INSTRUMENT NO. 00958; BOOK 20080307 AS INSTRUMENT NO. 02376 AND RE RECORDED IN BOOK 20080416 AS INSTRUMENT NO. 03231; BOOK 20080307 AS INSTRUMENT NO. 02377 OF OFFICIAL RECORDS.

PARCEL NO. 2:

LOT C-E OF AMENDED PLAT OF A PORTION OF PROJECT "O" WEST PARCEL, A COMMON INTEREST COMMUNITY, AS SHOWN BY MAP THEREOF IN BOOK 138 OF PLATS, PAGE 25, IN

PARCEL NO. 3:

LOTS C-1.01, 1.02, C-1.02A, C-1.03, 1.06, C-1.06A, 1.07, C-1.07A, 1.08, C-1.09, 1.09A, 1.09B, C-1.09C, C-1.09D, 1.10, C-1.10A, 1.11, C-1.11A, 1.12, C-1.12A, C-2.01, 2.01A, 2.03, C-2.03A, 2.04, 2.05, C-2.05A, 2.06, 2.07, C-2.08, 2.10, C-2.10A, C-2.10B, 2.11, C-2.11A, 2.12, C-2.12A, 2.13, 2.15A, 2.15B, C-2.15C, C-2.15D, 2.16, C-2.16A, C-3.01, C-3.02, 3.04, C-3.04A, 3.05, C-3.05B, 3.06, C-3.06A, 3.07, C-3.07A, 3.08, C-3.08A, C-3.09, 3.11, C-3.11A, C-3.12, 3.13A, 3.13B, C-3.13C, C-3.13D, 3.14, C-3.14A, 3.15, 3.16, 4.01, C-4.01A, 4.02, C-4.02A, 4.04, C-4.04A, C-4.04B, 4.05, C-4.05A, 4.06, 4.08, C-4.08A, 4.09B, 4.10, C-4.10A, 5.01, C-5.01A, 5.02, C-5.02A, C-5.03A, C-5.04A, C-5.04B, C-5.04C, C-5.04D, 5.05, 5.06, C-5.06A, 5.07, C-5.07A, C-5.08, C-5.09A, C-5.09B, C-5.09C, C-5.10A, C-5.10B, C-5.10C, 5.11, C-5.11A, 6.01, C-6.01A, 6.02, 6.03, 6.04, C-6.04A, 6.05, C-6.05A, 6.06, C-6.06A, 6.07, C-6.07A, 6.08, C-6.08A, C-6.08B, 6.09, C-6.09A, 6.10, C-6.10A, C-6.10B, 7.01, C-7.01A, 7.02, C-7.02A OF PARENT FINAL MAP OF PROJECT "O" EAST PARCEL, A COMMON INTEREST COMMUNITY, AS SHOWN BY MAP THEREOF IN BOOK 140 OF PLATS, PAGE 60, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL NO. 4:

LOTS 1, 2 AND 3 AS SHOWN IN THE PARCEL MAP, RECORDED ON JULY 29, 2008 IN BOOK 115 OF PARCEL MAPS, PAGE 63, IN THE OFFICE OF THE CLARK COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL NO. 5:

LOTS 2, 3 AND 4 AS SHOWN IN THE PARCEL MAP, RECORDED ON JULY 29, 2008 IN BOOK 115 OF PARCEL MAPS, PAGE 65, IN THE OFFICE OF THE CLARK COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL NO. 6:

LOT 2 AS SHOWN IN THE PARCEL MAP, RECORDED ON FEBRUARY 24, 2009 IN BOOK 116 OF PARCEL MAPS, PAGE 54, IN THE OFFICE OF THE CLARK COUNTY RECORDER, CLARK COUNTY, NEVADA.